**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL S. LAMBERT,
                    Appellant,

                    v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-0752-13-0368-C-1

DATE: December 23, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Norman Jackman, Esquire, Cambridge, Massachusetts, for the appellant.

Christopher Pearson, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the compliance initial decision, which found him in noncompliance with the terms of a settlement agreement resolving his removal appeal. For the reasons that follow, the compliance initial decision is VACATED and the agency's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

enforcement is DISMISSED as moot. This is the Board's final order in this matter. [5 C.F.R. § 1201.113](b).

¶2      The appellant filed an initial appeal of his removal, and the parties entered into a settlement agreement, which the administrative judge entered into the record for the purposes of enforcement. MSPB Docket No. AT-0752-13-0368-I-1, Initial Appeal File (IAF), Tab 14, Settlement Agreement, Tab 15, Initial Decision.[2] The parties' settlement agreement provided, inter alia, that the appellant's removal would be converted to a time-served suspension, he would be returned to work for 1 year, and he would retire from employment with the agency effective May 4, 2014. IAF, Tab 14 at 4. On May 5, 2014, the agency filed a petition for enforcement alleging that the appellant had not retired from federal service. MSPB Docket No. AT-0752-13-0368-C-1, Compliance File (CF), Tab 1 at 4. The administrative judge subsequently issued a compliance initial decision finding the appellant in noncompliance with the terms of the settlement agreement, and she ordered the appellant to submit his application for retirement. CF, Tab 9, Compliance Initial Decision at 4.

¶3      The appellant has filed a petition for review of the compliance initial decision. MSPB Docket No. AT-0752-13-0368-C-1, PFR File, Tab 1. After filing a response to the petition for review, the agency submitted notice that the appellant had submitted his application for immediate retirement. PFR File, Tab 4. The Board issued a show cause order directing the agency to show cause why its petition for enforcement should not be dismissed as moot. PFR File, Tab 5. The agency has filed a response agreeing that its petition for enforcement should

---

[2] The appellant filed a petition for review of the initial decision dismissing his initial appeal as settled. MSPB Docket No. AT-0752-13-0368-I-1, Petition for Review (PFR) File, Tab 1. In a nonprecedential remand order, the Board affirmed the dismissal of the appellant's appeal as settled as to all claims except his age discrimination affirmative defense, and we remanded that claim to the administrative judge for further adjudication. MSPB Docket No. AT-0752-13-0368-I-1, Remand Order (May 15, 2014). Our decision dismissing the agency's petition for enforcement as moot has no impact on the remand proceeding currently pending with the administrative judge.

be dismissed as moot, and it has appended a copy of the Postal Service Form 50 effecting the appellant's retirement. PFR File, Tab 6 at 5. The appellant did not respond to the order to show cause.

¶4 Based upon the foregoing, we find that the agency's petition for enforcement is moot. Mootness can arise at any stage of litigation, and a compliance proceeding will be dismissed as moot where, inter alia, there is no further relief the Board can grant. *See Uhlig v. Department of Justice*, 83 M.S.P.R. 29, ¶ 7 (1999) (mootness standard); *Mascarenas v. Department of Defense*, 60 M.S.P.R. 320, 323 (1993) (a petition for enforcement will be dismissed as moot when the moving party has been afforded all of the relief it could have obtained in a successful compliance proceeding). The record reflects that the appellant submitted his application for immediate retirement and that he has been separated from employment with the agency. PFR File, Tab 6 at 5. Under these facts, we find that the Board can grant no further relief on the agency's petition for enforcement and that the agency has obtained all of the relief it would be entitled to if it were successful in the compliance proceeding. *See Mascarenas*, 60 M.S.P.R. at 323. Accordingly we VACATE the compliance initial decision and DISMISS the agency's petition for enforcement as moot.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.